IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA, *et al.*,

                    Plaintiffs,

    v.

CHIEF JUDGE GEORGE L. RUSSELL III, in his official capacity, *et al.*,

                    Defendants.

No. 1:25-cv-02029

## MOTION FOR RECUSAL AND TO DESIGNATE VISITING JUDGE AND MEMORANDUM IN SUPPORT

    Plaintiffs, the United States of America and the United States Department of Homeland Security (DHS) (together, Plaintiffs), respectfully request that each judge of this Court recuse himself or herself from this matter. Plaintiffs also request that this matter be referred to the Fourth Circuit Clerk's Office for assignment of a randomly selected district judge from another District or transfer to another District.

    First, because this Court and its judges are named defendants in this case, each judge in the District of Maryland is required to recuse from the matter. A judge "shall" disqualify himself from a case in which he "[i]s a party to the proceeding." 28 U.S.C. § 455(b)(5)(i); Guide to Judiciary Policy, Vol. 2B, Ch. 2, Advisory Op. No. 103 ("When all sitting judges of a court are named as defendants in a civil action, each defendant judge is ordinarily required to recuse from hearing the case under Canon 3C(1)(d)(i) because they are parties to the case."). Judges have accordingly

recused in similar circumstances. *See, e.g.*, *Strickland v. United States*, 32 F.4th 311, 340 (4th Cir. 2022); *Stern v. Supreme Jud. Ct.*, 16 F. Supp. 2d 88, 90 (D. Mass. 1998).

Recusal is also warranted under the more general standard in § 455(a), requiring disqualification "in any proceeding in which" a judge's "impartiality might reasonably be questioned." "What matters under § 455(a) . . . is not the reality of bias or prejudice but its appearance." *Strickland*, 32 F.4th at 345 (brackets omitted) (quoting *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000) (statement of Rehnquist, C.J.)). Here, an "objective" inquiry would lead a "reasonable observer who is informed of all the surrounding facts and circumstances" to "reasonably . . . question[]" whether judges who are named defendants in a matter can be impartial while adjudicating that matter. *See id.* (quoting *Microsoft*, 530 U.S. at 1302 (statement of Rehnquist, C.J.)). Therefore, the judges of this Court should recuse.

Second, Plaintiffs request that the Clerk contact the Fourth Circuit Clerk's Office to facilitate identification of a judge who can hear this case. Specifically, in these circumstances, the Fourth Circuit Clerk's Office will contact the Judicial Services Office (JSO) of the Administrative Office of the Courts and ask for a visiting district judge to be designated under 28 U.S.C. § 292(b) or transfer the case to a different district. *Strickland*, 32 F.4th at 341; *see also Strickland v. United States*, 21-1346 (4th Cir.), ECF 124 at Ex. A (declaration of Senior Attorney from JSO describing procedure). The JSO then contacts randomly selected judges from other districts from a list of those who have indicated willingness to serve in recusal situations. *Strickland*, 32 F.4th at 341.

Once such a judge has agreed to preside, the JSO notifies the Chair of the Committee on Intercircuit Assignments and the Clerk of the Fourth Circuit of that judge's identity. *Id.* The Clerk's assistant can "complete the certificate[] of necessity and obtain the circuit chief judge's signature for the certificate[]." *Id.* (quotation marks omitted); *see also, e.g.*, *United States v. Miller*, 54 F.4th

219, 227 (4th Cir. 2022) (stating that certain "civil cases had to be transferred out of the Northern District of West Virginia because they named judges sitting in that district as defendants, thereby creating a conflict"); *Whitehouse v. U.S. Dist. Ct. for Dist. of Rhode Island*, 53 F.3d 1349, 1354 n.5 (1st Cir. 1995) (noting that lawsuit filed against district court and its judges was transferred to a different district in the same circuit).

Accordingly, Plaintiffs respectfully request that all judges of this District recuse. Plaintiffs also request that the matter be referred to the Fourth Circuit Clerk's Office for assignment and transfer to a duly selected judge from another District.

Dated: June 24, 2025

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Civil Division

ELIZABETH HEDGES
SARAH WELCH
Counsel to the Assistant Attorney General
Civil Division

*/s Brendan Moore*
BRENDAN MOORE (Il. Bar No. 6293415)
ZACHARY CARDIN (Md. Bar No. 21091)
Trial Attorneys
Office of Immigration Litigation
Civil Division, U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 616.4900
Fax: (202) 307.8781
Brendan.T.Moore@usdoj.gov

*Attorneys for Plaintiffs*