## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA, *et al.*,

                        Plaintiffs,

     v.

CHIEF JUDGE GEORGE L. RUSSELL III, in his official capacity, *et al.*,

                        Defendants.

No. 1:25-cv-02029

## INSTANTER BRIEF OF AMICUS CURIAE IN SUPPORT OF PLAINTIFF'S COMPLAINT AND MOTION TO RECUSE

_____

Shaunesi Yvette DeBerry, Sui Juris

2631 Housley Rd #1116

Annapolis MD 21401

Email. bookshaunesi@gmail.com

Ph. 240-355-8012

*American Layperson Amici in Support of  Plaintiff's - United States of America*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………………………………...……3

I. INTRODUCTION ............................................................................................... 4

II. IDENTITY AND INTEREST OF AMICI .........................................................4-5

III. ARGUMENT AND AUTHORITY ................................................................. 5-7

    A. A April 22, 2025 Judge Theodore Chaung affirmed this court lack jurisdiction to invoke the All Writs Act …………………………………………………………….……5-6

    B. The April 22, 2025 Order contradicts Standing Order 2025-01  order and appears bias to one group…………………………………………………………………………………6

    C. The Appearance or Insinuation of Judicial Organizational Bias or Judicial Organizational Incompetence leaves irreparable harm and distrust in Maryland………………………6-7

IV. CONCLUSION ................................................................................................. 7-8

## TABLE OF AUTHORITIES

**Cases**

*1:25-cv-01080-TDC DeBerry v. Maryland Department of Public Safety & Correctional Services et al*… … … … … … … … … … … … … … … … … … … … … … … … … … … … … … … … … … … … … ….THROUGHOUT

*25-6379 Shaunesi-Yvette DeBerry v. Maryland Depart. of Public Safety & Correctional*… … … … … … … … … … … … … … … … … … … … … … … … … … … … … … … ….THROUGHOUT

MISC. NO. 00-308  *In Re: PETITIONS FOR WRIT OF HABEAS CORPUS- ALIEN DETAINEE* ……………………………………………………………………….THROUGHOUT

 Microsoft Corp. v. United States, 530 U.S. 1301, 1302 (2000) ………………………………6-7

**Statues or other Regulations**

28 U.S. Code § 1651 …………………………………………………………..THROUGHOUT
Anti-Injunction Act (28 U.S.C. § 2283………………………………….………...THROUGHOUT
 § 455(a)..................................................................................................................................6-7

## INTRODUCTION

From a layperson's perspective it appears that the United States of America and Department of Homeland Security is simply requesting this court recuse itself from matters involving due process pertaining to Writ of Habeas Corpus' in relief pending review by this court where this court has "potential jurisdiction" to grant relief to assure petitioners participation in the adjudication of their requests for habeas relief under the All Writs Act.

Amici herself has a current pending habeas relief matter pending before this court and was denied any relief pending review by this court April 22, 2025 in *1:25-cv-01080-TDC DeBerry v. Maryland Department of Public Safety & Correctional Services et al.*

Although the amici is not an alien, nor illegal immigrant she supports the United States and Department of Homeland Security's stance on the need for this public interest matter to be reassigned to judges from another district due to the obvious reasons in the plaintiff's complaint but also due easily accessible public documents in her own habeas relief case and other Marylanders who are either already wrongfully detained or have pending active arrest warrants solely for the purpose of interfering with their federal review or habeas relief in which this court and the U.S. The Court of Appeals Fourth Circuit *25-6379 Shaunesi-Yvette DeBerry v. Maryland Depart. of Public Safety & Correctional* as recently as June 23, 2025 have affirmed they lack jurisdiction although the All Writs Act itself protects "All Writs".

The unbalanced application of 28 U.S. Code § 1651 *In Re: PETITIONS FOR WRIT OF HABEAS CORPUS- ALIEN DETAINEE* but not for all raises concerns of the disregard of its own Maryland citizens and bias at best and any reasonable person of Maryland would argue the same.

Amici supports the stance of the plaintiff's and encourages this court to recuse itself from this matter and any others in which the God given right to due process is only invoked in immigration matters or at the discretion of judges.

***Charity starts at home <u>and then</u> spreads abroad.- Unknown***

## IDENTITY AND INTEREST OF AMICI

Shaunesi Yvette DeBerry is Maryland resident, former U.S. Senate Candidate for the State of Maryland, human rights advocate, legal scholar, and believed to be "criminal petitioner" in pending Writ of Habeas Corpus *Case 1:25-cv-01080-TDC DeBerry v. Maryland Department of Public Safety & Correctional Services et al.* pending before this court in which Judge Chaung

affirmed uncertainty of whether a conviction or sentence even exists yet denied emergency relief to stay a state maliciously issued failure to appear No bond bench warrant April 22, 2025. DeBerry's mission is to advocate for the human, civil, and legal rights of all American people in the State of Maryland. Through her own experience with the State of Maryland and as a voice for other DeBerry  has been forced to investigate abuse, neglect, and rights violations affecting Every day Marylanders and pursues administrative, legal, and policy remedies to address identified violations; and advocates for herself and other individuals in many areas of human rights, including simple due process in the Maryland Judiciary both State and Federal.

Due Process should be a God given right to all,  however due to the recent interest in the Attorney General, Politicians, and judiciary in Maryland showing a more vested interest in wrongly detained or deported illegal aliens DeBerry reflects in her priorities an interest in due process for all. This work includes self ligating through her own due process violations by the State of Maryland, to ensure others whether naturally born U.S. Citizens or not, case derives from the State of not, does not have their due process violated before this court or any other federal court where protections are available for all under The All Writs Act.

The identity and interest of amici are described in the concurrently filed Motion for Leave to File Brief of Amici Curiae.

## ARGUMENT AND AUTHORITY

*"And my whole purpose here is to make sure that we observe the rule of law, the Constitution, due process, rights….". - Senator Christopher Van Hollen*

### A. April 22, 2025 Judge Theodore Chaung affirmed this court lack jurisdiction habeas relief to invoke the All Writs Act

The All Writs Act is open and shut, there's no gray area at all.

As affirmed by Honorable Chief Judge George L. Russell III in his Original and Amended Standing Order in 2025-01- The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

However, in a April 22, 2025 Order by Judge Theodore Chaung he affirmed having absolutely no clue of the existence of authority to issue writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law although they exist specifically with 28 U.S. Code § 1651 and Anti-Injunction Act (28 U.S.C. § 2283.

Judge Chaung's affirmation by order of his inability to invoke 28 U.S.C. § 1651 in a non related pending Writ of Habeas Corpus case raises concerns as to whether or not all judges in this court are trained or privy on authority to protect the due process of all parties with pending habeas relief before this court.

This court must grant the plaintiff's relief to move this conversation to judges from other districts to protect the interest of the public and others with pending habeas relief in which this courts judge has contradicted the power invoke 28 U.S.C. § 1651 to all petitioners and not just Alien Detainees.

*"If your Administration can strip away the constitutional rights of one man in defiance of court orders, it can do it to all of us". -Senator Christopher Van Hollen*

## B. The April 22, 2025 Order contradicts the Standing Order 2025-01 order and appears bias to one group

Amici provides the April 22, 2025  order of Judge Chaung.**(Exhibit B)**  He admits that not only is he unclear as to whether or not a conviction or sentencing exists, he affirms awareness that the State is attempting to interfere with the petitioner's federal review and tasks the petitioner with amending her Writ instead of referring to his chief for guidance.

The June 2025 activity in Standing Order 2025-01  and not in DeBerry's case proves the plaintiff's argument of who and how they apply relief, injunctions, and due process in this court.

This court must grant the plaintiff's relief to move this conversation to judges from other districts to protect the interest of the public and others with pending habeas relief in which this courts judge has contradicted the power invoke 28 U.S.C. § 1651 to all petitioners and not just Alien Detainees.

*"Anybody who can't stand up for the Constitution and the right of due process doesn't deserve to lead".  -Senator Christopher Van Hollen*

## C. The Appearance or Insinuation of Judicial Organizational Bias or Judicial Organizational Incompetence leaves irreparable harm and distrust in Maryland

Recusal is warranted under the more general standard in § 455(a), requiring disqualification "in any proceeding in which" a judge's "impartiality might reasonably be questioned." "What matters under § 455(a) . . . is not the reality of bias or prejudice but its appearance." Strickland, 32 F.4th at 345 (brackets omitted) (quoting Microsoft Corp. v. United

States, 530 U.S. 1301, 1302 (2000) (statement of Rehnquist, C.J.)).

This case made headlines immediately after filing and raised concerns to the amici causing this amici brief but also to the public as to this courts potential organizational bia or organizational incompetence to handle pending Writs of habeas relief before it in a manner that protects all petitioners not just alien detainees.

Amici is not aware of whether or not the Chief Judge is aware of her experience with Judge Chaung however affirms the actions on April 22, 2025 has caused what should have been a seamless case for this court to affirm or deny jurisdiction and simultaneously protect such has turned into Emergency intervention collecting dust and the petitioner watching a court go against it's Senator who has publicly warned:

> *"Anybody who can't stand up for the Constitution and the right of due process doesn't deserve to lead". -Senator Christopher Van Hollen*

This court must grant the plaintiff's relief to move this conversation to judges from other districts to protect the interest of the public and others with pending habeas relief in which this courts judge has contradicted the power invoke 28 U.S.C. § 1651 to all petitioners and not just Alien Detainees.

## CONCLUSION

DeBerry as an American born citizen who has as a former NAACP Executive Board Member in Prince George's County Maryland has advocated for due process rights of all people no matter their race or immigration status in human rights, civil rights, disability rights, education rights, and most importantly access to courts argues that unfortunately her first hand experience with a judge of this court affirms there is a clear disconnect in equal application of law, competence of law, and compassion of all in due process while pending habeas relief.

DeBerry reiterates the United States of America most definitely would not be where it is nor be able to sustain without the amazing Aliens and immigrants who have amicably worked with U.S. Citizens to beautify our nation and assure equal opportunity for all. However, this conversation becomes a very dangerous one to American citizens when the United State's itself has to make an unusual request specific to an entire judiciary for behavior at least one Maryland resident is

able to show instant similarities to in regards to the handling of Writ of Habeas relief pending in its court.

This court must grant the plaintiff's relief to move this conversation to judges from other districts to protect the interest of the public and others with pending habeas relief in which this courts judge has contradicted the power invoke 28 U.S.C. § 1651 to all petitioners and not just Alien Detainees.

Respectfully Submitted,

Shaunesi Yvette DeBerry, Sui Juris
2631 Housley Rd #1116
Annapolis MD 21401
Email. bookshaunesi@gmail.com
Ph. 240-355-8012

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically on June 26, 2025. Notice of this filing will be sent by operation of the Court's electronic filing system as well as individual emails  to all parties indicated on the electronic filing receipt.

Shaunesi Yvette DeBerry, Sui Juris
2631 Housley Rd #1116
Annapolis MD 21401
Email. bookshaunesi@gmail.com
Ph. 240-355-8012