UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SHAUNESI-YVETTE DEBERRY,

    Petitioner,

v.

MARYLAND DEPARTMENT OF PUBLIC
SAFETY & CORRECTIONAL SERVICES,
CAROLYN J. SCRUGGS,
YOLANDA R. BETHEA,
SHERIFF EVERETT L. SESKER and
ANTHONY G. BROWN,

    Respondents.

Civil Action No. 25-1080-TDC

## ORDER

Petitioner Shaunesi-Yvette DeBerry has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. DeBerry has also filed two Emergency Motions to Stay State Court Proceedings and a Motion for Alternative Service.

Upon an initial review of the Petition, the Court finds that it does not provide enough information for the Court to determine whether it asserts a cognizable federal habeas claim. The Petition includes information about various criminal and civil cases in which DeBerry and her daughter have been or are involved, but it is not clear what criminal conviction and sentence, if any, DeBerry is challenging. Moreover, where the Petition specifically acknowledges that various state court proceedings relating to her claims remain pending, the Petition effectively states that DeBerry has failed to exhaust available state remedies. Before a prisoner may file a petition seeking habeas relief in federal court, the prisoner must exhaust state remedies as to each claim presented to the federal court. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). This exhaustion

requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b), (c). In Maryland, a claim may be exhausted through a direct appeal to the Maryland Appellate Court, followed by a petition for a writ of certiorari to the Maryland Supreme Court. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12–201, 12–301 (West 2020). A claim may also be exhausted through a state petition for post-conviction relief filed in a Maryland Circuit Court under the Uniform Postconviction Procedure Act, Md. Code. Ann., Crim. Proc. § 7–102 (West 2020), followed by an application for leave to appeal to the Maryland Appellate Court, *id.* § 7–109. If the Maryland Appellate Court denies the application, there is no further review available and the claim is exhausted. *See* Md. Code Ann., Cts. & Jud. Proc. § 12–202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for a writ of certiorari to the Maryland Supreme Court. *See Williams v. State*, 438 A.2d 1301, 1305 (Md. 1981). Where the Petition effectively acknowledges that DeBerry has not exhausted state remedies, it is subject to dismissal.

Nevertheless, because of the Petition's lack of clarity, DeBerry will be provided with forms with which to file an Amended Petition that clarifies her claims and whether she has exhausted state remedies. Any Amended Petition must be freestanding and include all relevant facts and claims and may not rely on or seek to incorporate any prior filings.

In the alternative, DeBerry may submit a filing that voluntarily dismisses the Petition without prejudice to refiling it after she has exhausted all state remedies. DeBerry is forewarned that any federal petition is subject to a one-year statute of limitations, which, as relevant here, runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," subject to the rule that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the

2

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d).

As for the Emergency Motions to Stay State Court Proceedings, there is no such relief authorized under 28 U.S.C. § 2254 or otherwise. While this Court has original jurisdiction over an action in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel a federal officer or employee to perform a duty owed to a petitioner, federal district courts have no such mandamus jurisdiction over State employees, such as Respondents in this case. *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). DeBerry's Motions will therefore be denied.

Finally, in light of the need for an Amended Complaint, the Motion for Alternative Service will be denied as moot.

Accordingly, it is hereby ORDERED that:

1. DeBerry's Emergency Motions to Stay State Court Proceedings, ECF Nos. 4, 5, are DENIED.

2. The Clerk shall MAIL a copy of this Order and a § 2254 packet to DeBerry.

3. DeBerry is GRANTED **28 days** from the date of this Order to file an Amended Petition using the provided forms.

4. DeBerry's Motion for Alternative Service, ECF No. 10, is DENIED WITHOUT PREJUDICE AS MOOT.

5. DeBerry is FOREWARNED that the failure to file an Amended Petition by this deadline will result in dismissal without prejudice of this case without further warning.

Date: April 22, 2025



THEODORE D. CHUANG
United States District Judge

3