# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) | | |
| ) | | |
| Plaintiffs, ) | Civil Action No. 1:25-cv-02029 | |
| ) | | |
| v. ) | **ORDER** | |
| ) | | |
| CHIEF JUDGE GEORGE L. RUSSELL, III, ) | By: | Hon. Thomas T. Cullen |
| *in his official capacity, et al.*, ) | | United States District Judge |
| ) | | |
| Defendants. ) | | |

This matter is before the court on several *pro se* filings by non-parties. First is a motion for leave to file an *amicus curiae* brief in support of Plaintiff's position, filed by Shaunesi Yvette DeBerry. (ECF No. 19.) The court may *permit* any non-governmental entity to file an amicus curiae brief. *See* Local R. 105.12. Under applicable precedent, the court may grant the requested leave "where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Nat'l Shooting Sports Found., Inc. v. Brown*, No. RDB-25-1115, 2025 WL 1530050, at *1 (D. Md. May 29, 2025) (citing *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996)). DeBerry's brief does not qualify. DeBerry asserts that she is "the only statewide American born 'criminal petitioner' on behalf of Maryland citizens whose mission it is to advocate for the human, civil and legal rights of sui juris Marylanders with pending Writ of Habeas Corpus petitions before this court who've been denied relief although allowed under the All Writs Act." (ECF No. 19.) Although the court recognizes that she believes she has an interest in the outcome of this case, her brief does not offer any helpful analysis of the law, nor does she have a special interest in the subject matter of the suit. While this suit is certainly important to many individuals,

including DeBerry, that alone is insufficient to merit the court's consideration as amicus curiae. Her motion is **DENIED**.

There are also two motions to intervene before the court, filed by K.L. Smith (ECF No. 18) and George McDermott (ECF No. 20). Under Federal Rule of Civil Procedure 24, the court "must permit anyone to intervene who: (1) is given an unconditional right to intervene by federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Neither Smith nor McDermott are entitled to intervention as a matter of right, as they are not entitled to intervene by federal statute nor do they indicate any interest in the present action, much less one that is not adequately represented by the existing parties.

Nevertheless, the court may *permit* a party to intervene if they are "given a conditional right to intervene by federal statute" or they have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A)–(B). Neither qualifies under this provision of the rule, either. Neither is given a conditional right to intervene, and neither represents "a claim or defense" that has a common question of law or fact with this action. Accordingly, their motions to intervene are **DENIED**.[1]

McDermott has also filed a "motion for the court to divulge its jurisdiction and authority ofboth [*sic*] the court and the judge assigned under" various statutes, as well as a motion to supplement the record and demanding acknowledgment that his motion to

---

[1] Insofar as Smith seeks, in the alternative, leave to file as amicus curiae, her request is likewise **DENIED**.

intervene was accepted by the clerk. (ECF Nos. 21 & 22.) McDermott's motions are **DENIED** as he is not a party to this suit and has no right to file any request for relief in this action.[2]

Finally, the court recognizes that this case is subject to much attention and its outcome seems personal for many individuals who are or may be subject to this court's general jurisdiction. That personal connection or interest in a case is understandable, but it is not grounds for the public at large to interrupt these proceedings with frivolous or meritless filings. The court will judiciously guard its docket to ensure that the law and facts are preserved on the record and that extraneous filings or attempts to derail these proceedings by disinterested non-parties are dealt with swiftly. Those who would attempt to file in this action without a valid basis to do so may subject themselves to monetary sanctions under the court's inherent authority to maintain order.

The Deputy Clerk is directed to forward a copy of this Order to all counsel of record, DeBerry, Smith, and McDermott.

**ENTERED** this 16th day of July, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] McDermott's filings indicate a decades-long grudge with this court and the judges that comprise it. If he is tempted to continue to use this action to prosecute his unrelated grievances, he is warned that meritless or frivolous filings in this case may subject him to monetary sanctions.