**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

———————————————————— )
                                                          )
UNITED STATES OF AMERICA, *et al.*,        )
                                                          )
                        *Plaintiffs,*               )
                                                          )        No. 1:25-cv-02029
            v.                                        )
                                                          )
CHIEF JUDGE GEORGE L. RUSSELL III,    )
in his official capacity, *et al.*,               )
                                                          )
                        *Defendants.*              )
———————————————————— )


**BRIEF *AMICUS CURIAE* OF
AMERICA'S FUTURE IN SUPPORT OF
PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INTEREST OF *AMICUS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

ARGUMENT

I.     THE DISTRICT COURT HAS NO EQUITABLE POWER TO VIOLATE STATUTES AND
       RULES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

       A.     All Writs Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

       B.     Statutory Limitations of the District Court's Jurisdiction. . . . . . . . . . . . . . . . . .  5

       C.     Inconvenience Is Not a Justification for Violating Statutes Denying
              Powers to District Courts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

       D.     Standing Orders May Not Legislate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

II.    THE SUPREME COURT HAS REPEATEDLY GIVEN EFFECT TO JURISDICTION
       STRIPPING LAWS OFTEN IGNORED BY LOWER FEDERAL COURTS . . . . . . . . . . . . . . . . . . . .  8

       A.     *Bouarfa v. Mayorkas* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

       B.     *Noem v. National TPS Alliance* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

       C.     *Noem v. Doe* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

       D.     *Department of Homeland Security v. D.V.D.* . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

APPENDIX

# TABLE OF AUTHORITIES

Page

**CONSTITUTION**
Article I, Section 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**STATUTES**
8 U.S.C. § 1226(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7
8 U.S.C. § 1229a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
8 U.S.C. § 1252(a)(2)(B)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
8 U.S.C. § 1252(a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
8 U.S.C. § 1252(b)(9) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11
8 U.S.C. § 1252(e)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
8 U.S.C. § 1252(f)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
8 U.S.C. § 1252(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11
8 U.S.C. § 1254a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
11 U.S.C. 303(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
11 U.S.C. 362(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
28 U.S.C. § 1651(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**CASES**
*Bouarfa v. Mayorkas*, 604 U.S. 6 (2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
*Dep't of Homeland Sec. v. D.V.D.*, 2025 U.S. LEXIS 2487 (2025) . . . . . . . . . . . . . . . . 4, 11
*Doe v. Noem,* 2025 U.S. Dist. LEXIS 70398 (D. Mass. 2025) . . . . . . . . . . . . . . . . . . . . . . 10
*F.T.C. v. Dean Foods Co.*, 384 U.S. 597 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6
*Nat'l TPS All. v. Noem*, 2025 U.S. Dist. LEXIS 61630 (N.D. Cal. 2025) . . . . . . . . . . . . . . . 9
*Noem v. Doe*, 145 S. Ct. 1524 (2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
*Noem v. Nat'l TPS All*., 221 L. Ed. 2d 981 (2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

**MISCELLANEOUS**
Executive Order 14165, "Securing Our Borders," January 20, 2025 . . . . . . . . . . . . . . . . . . . 10

**INTEREST OF *AMICUS*[1]**

The interest of the *amicus curiae* is set out in the accompanying motion for leave to file.

**STATEMENT OF THE CASE**

On May 21, 2025, Chief Judge George L. Russell, III of the U.S. District Court for the District of Maryland issued **Standing Order** 2025-01, which provided that "upon the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on behalf of an alien detainee, the Government/Respondents, including all those acting for them or on their behalf, are ENJOINED and RESTRAINED from removing Petitioners in such cases from the continental United States or altering their legal status...."[2]  The Order cited as its authority "the All Writs Act and a 'limited judicial power to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action.'"  *Id.*

On May 28, 2025, Judge Russell issued an **Amended Standing Order**, which added some procedural requirements:  that "after the filing of '(1) a **Petition for Writ of Habeas Corpus** pursuant to 28 U.S.C. § 2241 on behalf of an alien detainee ...' the Clerk shall [i] 'docket this Order in the case and simultaneously [ii] send a copy of this Order, the Petition, and the Petitioner's full name and A# to the Chief and Deputy Chief of the Civil Division of the **United States Attorney's Office** for the District of Maryland, and then [iii] **file a Notice** that the documents have been transmitted.'"  *Id.* at 9-10 (emphasis added).  The Amended Order then requires that, "effective **upon the filing of the Notice** that these documents have been

_____

[1]  No party's counsel authored the brief in whole or in part.  No party or party's counsel contributed money that was intended to fund preparing or submitting the brief.  No person other than this *amicus curiae*, its members or its counsel contributed money that was intended to fund preparing or submitting this brief.

[2]  Complaint (Dkt. 1) at 8 (June 24, 2025) (hereinafter "Complaint").

2

transmitted," then "Government/ Respondents, including all those acting for them or on their behalf, **are ENJOINED and RESTRAINED** from removing Petitioners from the continental United States or altering their legal status." *Id.* at 10 (emphasis added). The only responsibility of Plaintiffs' counsel is to file the Petition for Writ of Habeas Corpus, after which the Clerk takes steps by which the government is **automatically** enjoined, *ex parte* without hearing from the government, and without any involvement of any judge or magistrate (beyond issuance of the Order).

Both the Standing Order and the Amended Standing Order state that they are to "'remain in effect until 4:00 p.m. on the second business day following the filing of the Petition,' unless extended by the judge." *Id.* Thus, a petition filed at 9 am on a Monday is in effect until 4 pm on the following Wednesday, "unless extended by the judge."

On June 24, 2025, the United States and the United States Department of Homeland Security filed a Complaint naming as Defendants: the Court, each of the Judges in their official capacities, and the Clerk of this Court.[3] The Complaint seeks a declaratory judgment "declaring that the Standing Order and Amended Standing Order violate the requirements for issuing injunctions, violate the limitations on district courts' jurisdiction and remedial authority in 8 U.S.C. § 1252, and violate the requirements for local rules," and seeks preliminary and permanent injunctions against enforcement of the Orders. *Id.* at 21. DHS also filed a Motion for Preliminary Injunction and Memorandum in Support (Dkt. 14) (July 3, 2025) (hereinafter "Motion for PI").

---

[3] The Fourth Circuit appointed Judge Thomas C. Cullen of the Western District of Virginia to preside over the case.

3

**STATEMENT**

The Standing Order and Amended Standing Order cause injunctions to be issued against the federal government which delay and disrupt the enforcement of the nation's immigration law by the Executive Branch of Government.  This *amicus* has attempted to track all of the injunctions that have been issued by district courts to impede the Trump Administration from carrying out the policy changes which President Trump was elected by the People to effect.  At present, this *amicus* have been able to compile only a partial list of 103 injunctions issued in the 26 weeks since January 20, 2025 — not including the automatic injunctions imposed by the challenged Standing Orders.  *See* Appendix.

The judges most frequently called upon to restrict the actions of the Trump Administration are located in the District of Columbia and the districts of Massachusetts, Western Washington, Northern California, and Maryland.  The judges in these courts have been highly receptive to requests for injunctive relief — sometimes acting within hours of the filing of a request.  However, the current case is the first known to this *amicus* where district court injunctions are issued automatically without regard to the merits of the petition or even the jurisdiction of the court.  And it is the first known effort to impede the actions of the Trump Administration that comes on the initiative of the court, not at the request of a plaintiff.  Thus, it opens a new chapter in the battle being fought to perpetuate the policies of the prior Administration by impeding the actions of the Executive Branch of Government under its current leadership.

4

## SUMMARY OF ARGUMENT

The district court's Standing Orders provide for a highly unusual type of equitable relief — an injunction issued without the need to comply with the law and rules governing either temporary restraining orders or preliminary injunctions. The stay imposed by the Standing Order is similar to the stay imposed upon the filing of a petition for voluntary bankruptcy under Rule 11 — but without the authority of Congressional legislation.

Under the Trump Presidency, certain district courts — most often the District of Columbia, the District of Massachusetts, the Western District of Washington, the Northern District of California, and the District of Maryland — have enjoined the Executive Branch from enforcing federal immigration law. Important lessons can be learned from how the Supreme Court has addressed two cases in the past two months — *Noem v. National TPS Alliance* and *Department of Homeland Security v. D.V.D.*

Making the stays issued under these Standing Orders even more abusive is the fact that they operate to impose stays in situations where Congress has divested the district courts from the exercise of any judicial power under several federal immigration statutes. The court's difficulty in scheduling hearings in cases over which it has no jurisdiction is no reason at all to justify the Standing Orders.

5

# ARGUMENT

## I.    THE DISTRICT COURT HAS NO EQUITABLE POWER TO VIOLATE STATUTES AND RULES.

### A.    All Writs Act.

In both of its Standing Orders, the district court claimed authority from only two sources.  First, it cited the All Writs Act, 28 U.S.C. § 1651(a).  However, that statute only allows courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions."  It has no application where jurisdiction is denied by Congress, as discussed *infra*.  And it does not empower the issuance of an injunction which is not "agreeable to the usages and principles of law," which occurs under both Standing Orders and causes an injunction to issue without any judicial determination that it is lawful.

### B.    Statutory Limitations of the District Court's Jurisdiction.

The Standing Orders also cite as authority what is termed "a limited judicial power to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action through the prescribed statutory channels," citing only *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966).  This case illustrates the danger of deciding cases based on general statements of law.  The context of *Dean Foods*, as explained for the Court by Justice Clark, was that there was:

> ample precedent to support the jurisdiction of the Court of Appeals to issue a preliminary injunction preventing the consummation of this agreement upon a showing that an effective remedial order, once the merger was implemented, would otherwise be virtually impossible, thus rendering the enforcement of any final decree of divestiture futile.  [*Id.* at 605.]

6

*Dean Foods* provides no support for the district court's automatic issuance of injunctive relief, temporary, preliminary, or otherwise, without ensuring that the applicant complies with applicable statutes and rules and meets the required elements. And certainly it would have no application where, as here, there are statutes limiting the jurisdiction of the courts. Numerous federal statutes restrict the authority of district courts to issue injunctions to impede the enforcement of immigration law.

First, **8 U.S.C. § 1252(b)(9)** limits review of "any action taken or proceeding brought to remove an alien from the United States" under subchapter II of the Immigration and Nationality Act ("INA") to the Courts of Appeals. It denies district courts jurisdiction to review final orders of removal, or otherwise review "such questions of law or fact." 8 U.S.C. § 1252(b)(9). This includes actions of habeas corpus or pursuant to the All Writs Act. *See* Motion for PI at 4, 17.

Likewise, in **8 U.S.C. § 1252(g)**, Congress denied federal courts jurisdiction to review "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien" under the INA (with a sole exception, petitions for review under § 1252), "notwithstanding any other provision of law (statutory or nonstatutory)." 8 U.S.C. § 1252(g). Section 1252(g) thus bars district courts from reviewing removal orders. *See* Motion for PI at 4, 17.

Congress has precluded lower federal courts from "jurisdiction or authority to enjoin or restrain the operation of" many provisions of the INA, including removal proceedings and provisions governing removal of aliens subject to removal orders. **8 U.S.C. § 1252(f)(1)** (*see* Motion for PI at 4, 16); **8 U.S.C. § 1229a** (*see* Motion for PI at 4, 16).

7

Additionally, **8 U.S.C. § 1226(e)** prohibits review of many "discretionary judgment[s]" regarding "the detention of any alien."  It restrains courts from "set[ting] aside any action ... under this section regarding the detention ... of any alien."  *See* Motion for PI at 5.

Finally, **8 U.S.C. § 1252(e)(2)** "limits the review that an alien in expedited removal may obtain via a petition for a writ of habeas corpus" to three explicit and narrow grounds.  These include only "whether the petitioner is an alien," "whether the petitioner was ordered removed," and "whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 207 [8 U.S.C. § 1157], or has been granted asylum...."  *See* Motion for PI at 5, 18.

Thus, whatever may be the scope of that "limited judicial power" relied on in the Standing Orders, it certainly does not stretch far enough to empower the district court to issue injunctive relief where Congress has denied the district courts jurisdiction.

### C.    Inconvenience Is Not a Justification for Violating Statutes Denying Powers to District Courts.

The only real reason stated in the Standing Orders is the difficulty for the court of reviewing petitions for habeas relief individually in a timely fashion:  "The recent influx of habeas petitions concerning alien detainees purportedly subject to improper and imminent removal from the United States that have been filed after normal court hours and on weekends and holidays has created scheduling difficulties and resulted in hurried and frustrating hearings...."  Amended Standing Order at 1.  While this may sound like a good reason for the order, it actually reveals the key flaw in the Court's position.  The reason the Court is having difficulty is that it has usurped a task not given it by Congress.  It appears that Congress knew

8

that district courts would be deluged by lawyers with challenges to deportations, where delay is the objective — not justice.  If a lawyer can keep his illegal alien client in the country for another day or two, or more, he has achieved a victory, as anything can happen in the meantime.  This is why Congress divested district courts of the authority to second-guess deportation orders.

>    **D.    Standing Orders May Not Legislate.**

A district court has the authority to impose rules governing the procedures to be followed by parties, but the Standing Orders challenged here more resemble legislation than they do a procedural rule.  The Standing Orders impose an automatic stay that is similar to the automatic stay issued in Chapter 11 bankruptcy proceedings when a debtor files a petition for voluntary bankruptcy under 11 U.S.C. § 303(a).  Then, under 11 U.S.C. § 362(b), certain actions against the debtor are stayed.  The principal difference is that the automatic stay in bankruptcy is by operation of law, not by operation of a Standing Order.  If Congress wanted to enact a law to impose an automatic stay, it could do so, but it has not, and the defendant Chief Judge may not act in its stead.  "All legislative power" is vested in the Congress, not some of it.  Article I, Section 1.

## II.    THE SUPREME COURT HAS REPEATEDLY GIVEN EFFECT TO JURISDICTION-STRIPPING LAWS OFTEN IGNORED BY LOWER FEDERAL COURTS.

In recent days, district court judges across the nation have attempted to force their immigration policy preferences on the elected President.  But in the last few months, the Supreme Court has repeatedly stayed lower court injunctions where statutes denied those courts jurisdiction.

9

**A.**     *Bouarfa v. Mayorkas.*

In December 2024, the Court decided *Bouarfa v. Mayorkas*, 604 U.S. 6 (2024).  The case involved a visa petition filed by the wife of a Palestinian national.  The government denied his visa petition after determining that he had entered into a previous marriage specifically to evade immigration laws.  The Court determined that the controlling statute, vesting discretion in the Secretary of Homeland Security to "revoke the approval of any petition" "for good and sufficient cause," barred judicial review.  *Bouarfa* at 12.

> Through §1252(a)(2)(B), Congress stripped federal courts of jurisdiction to review two categories of discretionary agency decisions....  [I]n the provision at issue here, Congress barred review of "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary." §1252(a)(2)(B)(ii).  [*Bouarfa* at 10-11.]

**B.**     *Noem v. National TPS Alliance.*[4]

On May 19, 2025, the Supreme Court stayed an injunction against an order from the Department of Homeland Security vacating Temporary Protected Status ("TPS") for immigrants from Venezuela.  Under 8 U.S.C. § 1254a, the DHS Secretary may designate a foreign country for TPS when individuals from that country cannot safely return due to war, natural disaster, or other extraordinary and temporary circumstances.  TPS status allows an alien expedited process to apply for legal status.  After DHS Secretary Kristi Noem vacated a TPS designation for Venezuela granted by her predecessor, Alejandro Mayorkas, the Northern District of California enjoined the revocation.  *Nat'l TPS All. v. Noem*, 2025 U.S. Dist. LEXIS 61630 (N.D. Cal.

---

[4]  This *amicus* filed an *amicus* brief supporting the Government's application for stay. Brief *Amici Curiae of America's Future, et al.* (May 8, 2025).

10

2025).  The Ninth Circuit refused to stay the injunction, but the Supreme Court then did so.
*Noem v. Nat'l TPS All*., 221 L. Ed. 2d 981 (2025).

   **C.     *Noem v. Doe*.[5]**

   On May 30, 2025, the Supreme Court stayed an injunction from the District of

Massachusetts.  *Noem v. Doe*, 145 S. Ct. 1524 (2025).  The Biden Administration had adopted a

wholesale policy allowing aliens from four countries — Cuba, Haiti, Nicaragua, and Venezuela

("CHNV") — to have categorical parole status.  On January 20, 2025, President Trump issued

Executive Order 14165, "Securing Our Borders" (the "EO").  Section 7 of that Order directs the

Secretary of Homeland Security to, consistent with applicable law, take all appropriate action to

"[t]erminate all categorical parole programs that are contrary to the policies of the United States

established in [the President's] Executive Orders, including the program known as the 'Processes

for Cubans, Haitians, Nicaraguans, and Venezuelans.'"

   The district court enjoined the termination of the CHNV parole program, again in the face

of jurisdiction-stripping statutes.  *Doe v. Noem,* 2025 U.S. Dist. LEXIS 70398 (D. Mass. 2025).

The applicable statute provided, "Notwithstanding **any other provision of law ...**, **no court shall**

**have jurisdiction to review** ... **any other decision or action** of the Attorney General or the

Secretary of Homeland Security the authority for which is specified under this title...."  8 U.S.C.

§ 1252(a)(2)(B)(ii) (emphasis added).  Upon application, the Supreme Court stayed the

Massachusetts court, again signaling that the government was likely to prevail on the merits.

*Noem v. Doe*, 145 S. Ct. 1524 (2025).

---

   [5]   This *amicus* filed an *amicus* brief supporting the Government's application for stay.
Brief *Amici Curiae* of America's Future, *et al.* (May 15, 2025).

11

**D.**      *Department of Homeland Security v. D.V.D.*[6]

On June 23, 2025, in *Department of Homeland Security v. D.V.D.*, the Supreme Court stayed an injunction from the District of Massachusetts preventing the Trump Administration from removing illegal aliens to "third countries" when they made a showing of fear to return to their home countries, under the "Convention Against Torture."

The government challenged the injunction on the basis of three jurisdiction-stripping statutes.  8 U.S.C. § 1252(g) states: "Except as provided in this section ... **no court shall have jurisdiction** to hear any cause or claim by or on behalf of any alien...."  (Emphasis added.)  8 U.S.C. § 1252(a)(5) states: "a petition for review filed with an appropriate **court of appeals** in accordance with this section shall be the **sole and exclusive** means for judicial review of an order of removal entered or issued under any provision of this Act."  (Emphasis added.)  Finally, 8 U.S.C. § 1252(b)(9) states: "Except as otherwise provided in this section, **no court shall have jurisdiction**, by habeas corpus under section 2241 of title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), **to review such an order**...."  (Emphasis added).  The government successfully argued that these three statutes divested the district court of jurisdiction to review the administration's decisions.  The Supreme Court granted the stay, allowing the third-country removals to resume.  *Dep't of Homeland Sec. v. D.V.D.*, 2025 U.S. LEXIS 2487 (2025).

---

[6] This *amicus* filed an *amicus* brief supporting the Government's application for stay. Brief *Amici Curiae* of America's Future, *et al.* (June 5, 2025).

12

## CONCLUSION

The Supreme Court has taken seriously the Congressional statutes depriving district courts of jurisdiction, and so should this Court.  Plaintiffs' motion for injunctive relief should be granted.

Respectfully submitted,

_    /s/_____
Stephen D. Stamboulieh
 Stamboulieh Law, PLLC
 P.O. Box 428
 Olive Branch, MS 38654
 (601) 852-3440
 stephen@sdslaw.us
 Counsel for *Amicus Curiae*
 Dated:  July 21, 2025

APPENDIX

App.1

## FEDERAL COURT INJUNCTIONS AGAINST
## THE TRUMP ADMINISTRATION
(Partial List:  January 20, 2025 through July 21, 2025)

### BIRTHRIGHT CITIZENSHIP

1. *New Hampshire Indonesian Community Support v. Trump*, No. 1:25-cv-00038 — Judge Joseph N. Laplante (G.W. Bush) of the District of New Hampshire enjoined any enforcement of Trump's birthright citizenship EO within the state. The case was appealed to the First Circuit on April 11, where it is pending.

2. *Washington v. Trump*, No. 2:25-cv-00127 — Judge John C. Coughenour (Reagan) of the Western District of Washington enjoined any enforcement of Trump's birthright citizenship EO nationwide.  The case was appealed to the Ninth Circuit and the Supreme Court, which overturned the universal injunctions on June 27, 2025.

3. *New Jersey v. Trump; Doe v. Trump*, No. 1:25-cv-10139 — Judge Leo T. Sorokin (Obama) of the District of Massachusetts enjoined any enforcement of Trump's birthright citizenship EO within the state.  The case was appealed to the First Circuit and the Supreme Court, which overturned the universal injunctions on June 27, 2025.

4. *CASA Inc. v. Trump*, No. 8:25-cv-00201 — Judge Deborah L. Boardman (Biden) of the District of Maryland enjoined any enforcement of Trump's birthright citizenship EO nationwide. The case was appealed to the Fourth Circuit and the Supreme Court, which overturned the universal injunctions on June 27, 2025.

5. *Barbara v. Trump*, No. 1:25-cv-00244 — Judge Joseph N. Laplante (G.W. Bush) of the District of New Hampshire on July 10, 2025 certified a class and issued a preliminary injunction prohibiting defendants from implementing the Executive Order "Protecting the Meaning and Value of American Citizenship."

### IMMIGRATION

6. *J.G.G. v. Trump*, No. 1:25-cv-00766 — Judge James E. Boasberg (Obama) of the District of D.C. ordered flights of gang members and terrorists rerouted back to the United States, and then ordered that Trump cannot deport anyone under the Alien Enemies Act ("AEA") without a hearing.  This was upheld by D.C. Circuit, then on April 7, on Application for Stay, the Supreme Court vacated the district court's TROs.  Judge Boasberg on April 16 threatened the Trump administration with criminal contempt charges, but on April 18 the DC Circuit issued an administrative stay in the appeal from Judge Boasberg's Apr. 16 contempt-related order. Plaintiffs filed an April 24 amended complaint including a habeas petition for a class of individuals and an April 25 motion for a permanent injunction. Judge Boasberg granted class certification and preliminary injunction on June 4.  The Administration on June 10 filed for a stay

App.2

pending appeal at the District Court (denied June 12) and on June 10, the DC Circuit stayed the June 4 order.

7. *Chung v. Trump*, No. 1:25-cv-02412 — Judge Naomi R. Buchwald (Clinton) of the Southern District of New York issued a temporary restraining order on March 24, and a preliminary injunction June 5, preventing Trump from deporting a Columbia University student for pro-Hamas activism.

8. *Phila. Yearly Meeting of The Religious Soc'y of Friends v. U.S. Dep't of Homeland Sec.*, No. 8:2025-cv-00243 — Judge Theodore D. Chuang (Obama) of the District of Maryland on Feb. 24 issued a preliminary injunction blocking ICE raids in houses of worship. The case has been appealed to the Fourth Circuit.

9. *M.K. v. Joyce*, No. 1:25-cv-01935 — Judge Jesse M. Furman (Obama) of the Southern District of New York issued a temporary restraining order forbidding the removal by ICE detention and deportation of Palestinian activist Mahmoud Khalil, a green card holder, and recent graduate of Columbia University, who organized pro-Palestinian demonstrations. This case was transferred on March 19 as *Khalil v. Joyce*, 2:25-cv-01963 — Judge Michael E. Farbiarz (Biden) of the District of New Jersey ordered on that same day that "Petitioner shall not be removed from the United States unless and until the Court issues a contrary Order." Judge Farbiarz granted habeas and a preliminary injunction on June 11, but on June 13 allowed the government to continue detention on another charge.

10. *Parra v. Castro*, No. 1:24-cv-00912 — Judge Kenneth J. Gonzales (Obama) of the District of New Mexico issued a temporary restraining order on February 9 blocking the transfer of three Venezuelans to Gitmo. They were then removed to their home country instead and voluntarily dismissed their case.

11. *Vizguerra-Ramirez v. Choate*, No. 1:25-cv-00881 — Judge Nina Y. Wang (Biden) of the District of Colorado enjoined the ICE deportation of a Mexican citizen.

12. *National TPS Alliance v. Noem*, No. 3:25-cv-01766 — Judge Edward M. Chen (Obama) of the Northern District of California enjoined ending Temporary Protected Status ("TPS") for 350,000 to 600,000 Venezuelans. After the Ninth Circuit on April 18 denied a stay pending appeal, the Supreme Court on May 19 stayed the district court decision.

13. *Pacito v. Trump*, No. 2:25-cv-00255 — Judge Jamal N. Whitehead (Biden) of the Western District of Washington granted a nationwide preliminary injunction on February 28 blocking President Trump's Executive Order indefinitely halting entry through the U.S. Refugee Admissions Program (USRAP). On appeal, the Ninth Circuit on March 25 partially granted the Trump administration's emergency motion to stay, and filed an order clarifying their stay on April 21.

App.3

14. *City and County of San Francisco v. Donald J. Trump*, No. 3:25-cv-01350 — Judge William H. Orrick III (Obama) of the Northern District of California granted a preliminary injunction April 24 enjoining President Trump's efforts to have the Department of Justice investigate and prosecute "sanctuary cities" policies and government officials interfering with immigration enforcement.  At the plaintiffs' request, on May 9, Judge Orrick issued a "clarifying" of the injunction,

15. *D.V.D. v. U.S. Department of Homeland Security*, No. 1:25-cv-10676 — Judge Brian E. Murphy (Biden) of the District of Massachusetts on March 28 issued a temporary restraining order enjoining the Trump administration over the recent policy of deporting non-citizens with final removal orders to a third country, specifically El Salvador, without first providing an opportunity to contest removal.  First Circuit denied stay pending appeal April 7.  Judge Murphy granted class certification and issued a preliminary injunction April 18, and further orders on May 20, May 21, and May 23.  An Application for Stay at SCOTUS was filed May 27, and a stay of the April 18 injunction was issued on June 23.  Following the SCOTUS stay, in response to Plaintiffs' motions, Judge Murphy issued an order that "The Court's May 21, 2025 Order on Remedy ... remains in full force and effect, notwithstanding today's stay of the Preliminary Injunction...."  The Trump Administration filed a Motion for An Order clarifying the June 23 SCOTUS order, and requesting immediate administrative stay of Judge Murphy's May 21 order, and SCOTUS did so on July 3, 2025.

16. *Community Legal Services in East Palo Alto v. U.S. Dep't of HHS*, No. 3:25-cv-02847 — Judge Araceli Martinez-Olguin (Biden) of the Northern District of California issued a temporary restraining order on April 1 blocking Defendants from terminating funding for Department of Health and Human Services' (HHS) Office of Refugee Resettlement (ORR) funding for legal representation services for unaccompanied immigrant children through April 16, then on April 10 extended the TRO through April 30.  Defendants' appeal of the TRO to the Ninth Circuit was denied, as was a petition for rehearing en banc.  On April 29, the District Court granted a preliminary injunction blocking Defendants from withdrawing the services or funds provided by ORR until a final judgment in the matter is issued.  Defendants appealed the PI to the Ninth Circuit on April 30, stay pending appeal denied May 14, order updated May 20; and Trump administration opening brief was filed June 12.

17. *J.A.V. v. Trump*, No. 1:25-cv-00072 — Judge Fernando Rodriguez (Trump) of the Southern District of Texas on April 9 temporarily enjoined the Trump administration from deporting Venezuelans outside of the district under the Alien Enemies Act.  On May 1, Judge Rodriguez certified a class and granted a permanent injunction.

18. *G.F.F. v. Trump*, No. 1:25-cv-02886 — Judge Alvin Hellerstein (Clinton) of the Southern District of New York granted a temporary restraining order on April 9 on behalf of a class of all persons in the district subject to deportation under the Alien Enemies Act.  A Preliminary Injunction was granted May 6.

App.4

19. _Doe v. Noem_, No. 1:25-cv-10495 — Judge Indira Talwani (Obama) of the District of Massachusetts, on April 14, granted a motion to stay the Department of Homeland Security's blanket revocation of Cuba, Haiti, Nicaragua, and Venezuela parole programs (the "CHNV parole programs") and ordering case-by-case review of any termination of work authorization permits to remain in the United States. After the First Circuit denied a stay, the Supreme Court on May 30 stayed the district court decision.

20. _Viloria Aviles v. Trump_, No. 2:25-cv-00611 — Judge Gloria Maria Navarro (Obama) of the District of Nevada issued a preliminary injunction on April 17 prohibiting the government from removing the Petitioner from the United States under the Alien Enemies Act until after his merits hearing.

21. _D.B.U. v. Trump_, No. 1:25-cv-01163 — Judge Charlotte Sweeney (Biden) of the District of Colorado issued a temporary restraining order on April 22 forbidding the administration from removing Venezuelan illegal aliens from Colorado for deportation under the Aliens Enemies Act. A motion for a preliminary injunction is pending.  On appeal to the Tenth Circuit, a panel on April 29 denied an emergency motion for stay.

22. _A.S.R. v. Trump_, No. 3:25-cv-00113 — Judge Stephanie Haines (Trump) of the Western District of Pennsylvania granted a temporary restraining order on April 25 on behalf of a class of all persons in the district subject to deportation under the Alien Enemies Act that they must be given 14 days' notice and hearing before any removal from the district, pursuant to the Supreme Court's decision in _J.G.G. v. Trump_.

23. _Mahdawi v. Trump_, No. 2:25-cv-00389 — Judge Geoffrey W. Crawford (Obama) of the District of Vermont extended a temporary restraining order on April 24 "for a period of 90 days or until dismissal of this case or grant of a preliminary injunction, whichever is earliest ... no respondent... shall remove [Mohsen Mahdawi, a Palestinian] from Vermont without further order from this court."

24. _Yostin Sleiker Gutierrez-Contreras v. Warden Desert View Annex_, No. 5:25-cv-00911 — Judge Sunshine S. Sykes (Biden) of the Central District of California, issued a temporary restraining order on April 16 preventing the government from removing a Venezuelan at risk of being deported to El Salvador under the Alien Enemies Act.  On April 28, the TRO was dissolved since the Plaintiff was in Texas when the petition was filed.

25. _President and Fellows of Harvard v. Department of Homeland Security_, No 1:25-cv-11472 — Judge Allison D. Burroughs (Obama) of the District of Massachusetts issued a temporary restraining order on May 23, blocking the administration from revoking Harvard's ability to enroll international students under the Student and Exchange Visitor Program (SEVP).  After President Trump issued a new proclamation on June 4, Judge Burroughs issued another temporary restraining order on June 5, and a preliminary injunction June 20.

App.5

26. *Arevalo Millan v. Trump*, No. 5:25-cv-01207 — Judge John W. Holcomb (Trump) of the Central District of California on May 19 certified a class of noncitizens in the district subject to the Alien Enemies Act ("AEA") and granted a temporary restraining order. On June 2, Judge Holcomb issued a preliminary injunction against deporting members of the class under authority of AEA.

27. *Y.A.P.A. v. Trump*, No. 4:25-cv-00144 — Judge Clay D. Land (G.W. Bush) of the Middle District of Georgia on May 21 granted a temporary restraining order blocking deportation of a Venezuelan man, at risk of deportation to El Salvador, under the Alien Enemies Act. The court did not block deportation under INA.

28. *Angelica S. v. HHS*, No. 1:25-cv-01405 — Judge Dabney L. Friedrich (Trump) of the District of D.C. on June 9 certified a class and granted a preliminary injunction blocking parts of HHS reforms to the Unaccompanied Alien Children (UAC) program, which resettles migrant children in U.S. with adult sponsors after they arrive at the U.S.-Mexico border without parents or guardians.

29. Refugee and Immigrant Center for Education and Legal Services v. Noem, No. 1:25-cv-00306 — Judge Randolph D. Moss (Obama) of the District of D.C. on July 2 granted summary judgment and certified a class preventing the Trump Administration from enforcing Proclamation 10888, which disallows immigrants from remaining in the U.S. while pursuing asylum claims. On July 3, the Trump Administration appealed to the DC Circuit Court of Appeals.

> *NOTE: According to *Politico*, there have been over 100 lawsuits and 50 restraining orders related to the F-1 visas and the Student and Exchange Visitor Information System (SEVIS) in 23 states. The Trump Administration is working to resolve this situation, so these cases are not included here.

### TRANSGENDER

30. *Talbott v. Trump*, No. 1:25-cv-00240 — Judge Ana C. Reyes (Biden) of the District of D.C., a lesbian, enjoined Trump's rule preventing "transgender" persons from serving in the military. The case is on appeal to the D.C. Circuit.

31. *PFLAG v. Trump*, No. 8:25-cv-00337 — Judge Brendan A. Hurson (Biden) of the District of Maryland granted an injunction against Trump's order denying federal funding to institutions performing chemical or surgical "transgender" mutilation on minors.

32. *Washington v. Trump*, No. 2:25-cv-00244 — Judge Lauren J. King (Biden) of the Western District of Washington enjoined Trump's order denying federal funding to institutions performing chemical or surgical "transgender" mutilation on minors. The case is on appeal to the Ninth Circuit.

App.6

33. *Ireland v. Hegseth*, No. 1:25-cv-01918 — Judge Christine P. O'Hearn (Biden) of the District of New Jersey enjoined the Air Force from removing two "transgender" service members pursuant to Trump's order banning "transgender" service members.

34. *Doe v. McHenry; Doe v. Bondi*, No. 1:25-cv-00286 — Judge Royce C. Lamberth (Reagan) of the District of D.C. enjoined the transfer of twelve "transgender women" to men's prisons under Trump's order, and terminating their taxpayer-funded hormone treatments. The injunction has been appealed to the D.C. Circuit.

35. *Moe v. Trump*, No. 1:25-cv-10195 — Senior Judge George A. O'Toole Jr. (Clinton) of the District of Massachusetts enjoined the transfer of a "transgender woman" to a men's prison under Trump's order. This case has been transferred to another, unidentified, district.

36. *Jones v. Trump*, No. 1:25-cv-401 — Judge Royce C. Lamberth (Reagan) of the District of D.C. enjoined the transfer of three "transgender women" to men's prisons and termination of their taxpayer-funded hormone treatments under Trump's order.

37. *Shilling v. Trump*, No. 2:25-cv-00241 — Judge Benjamin H. Settle (G.W. Bush) of the Western District of Washington enjoined Trump's order to remove "transgender" service members. The Ninth Circuit denied a request for a stay of the injunction; an Application for Stay was filed at the Supreme Court (24A1030) April 24, and the stay was granted May 6.

38. *Maine v. Department of Agriculture*, No. 1:25-cv-00131 — Judge John Woodcock (G.W. Bush) of the District of Maine granted a temporary restraining order on April 11 on behalf of Maine, in its lawsuit against Trump's federal education funding freeze to Maine for its refusal to ban boys from girls' teams.

39. *Orr v. Trump*, No. 1:25-cv-10313 — Judge Julia E. Kobick (Biden) of the District of Massachusetts issued a preliminary injunction on April 18 against enforcing the biological sex at birth designation on passports against Plaintiffs. On June 17, Judge Kobick certified classes and applied the prior injunction to the classes. The Trump administration appealed the case to the First Circuit.

## GOVERNMENT OPERATIONS

40. *Dellinger v. Bessent*, No. 1:25-cv-00385 — Judge Amy B. Jackson (Obama) of the District of D.C. issued a restraining order invalidating Trump's firing of U.S. special counsel Hampton Dellinger. The order was upheld by the D.C. Circuit Court of Appeals and the Supreme Court, then was temporarily lifted by the Court of Appeals on March 5; on March 6, Dellinger announced that he was dropping his case.

41. *American Federation of Government Employees, AFL-CIO v. U.S. Office of Personnel Management*, No. 3:25-cv-01780 — Judge William H. Alsup (Clinton) of the Northern District of California enjoined Trump's order for six federal agencies to dismiss thousands of

App.7

probationary employees.  The injunction was upheld by the Ninth Circuit, but the Supreme Court on April 8 issued a stay based on standing.

42. *Wilcox v. Trump*, No. 1:25-cv-00334 — Judge Beryl A. Howell (Obama) of the District of D.C. enjoined Trump's firing of National Labor Relations Board member Gwynne Wilcox, a Democrat, and ordered her reinstated to finish her term.  The D.C. Circuit stayed the injunction, then reinstated it, and an application for a stay at the Supreme Court was granted by Chief Justice Roberts on April 9, and by the Supreme Court on May 22.

43. *Harris v. Bessent*, No. 1:25-cv-00412 — Judge Rudolph Contreras (Obama) of the District of D.C. enjoined Trump's firing of Merit Systems Protection Board member Cathy Harris and ordered her reinstated.  The D.C. Circuit stayed the injunction, then reinstated it, an application for a stay at the Supreme Court was granted by Chief Justice Roberts on April 9, and by the Supreme Court on May 22.

44. *American Foreign Service Association v. Trump*, No. 1:25-cv-00352 — Judge Carl J. Nichols (Trump) of the District of D.C. issued a temporary restraining order against Trump's firing of USAID employees.  He later vacated the TRO and denied a preliminary injunction against the firings.

45. *Does 1-9 v. Department of Justice*, No. 1:25-cv-00325 — Judge Jia M. Cobb (Biden) of the District of D.C. enjoined Trump from releasing the names of any FBI agents who worked on the January 6 investigation.

46. *Doctors for America v. U.S. Office of Personnel Management*, No. 1:25-cv-00322 — Judge John D. Bates (G.W. Bush) of the District of D.C. issued a temporary restraining order that CDC and FDA webpages that "inculcate or promote gender ideology" be restored after Trump ordered them removed.  On July 2, 2025, Judge Bates granted summary judgment to "vacate the OPM Memo and the HHS Guidance, and order the restoration of some webpages and datasets."

47. *Perkins Coie v. DOJ*, No. 1:25-cv-00716 — Judge Beryl A. Howell (Obama) of the District of D.C. enjoined Trump's directive barring government agencies doing business with Perkins Coie and banning PC attorneys from federal buildings.  The Trump administration has appealed to the DC Circuit.

48. *Jenner Block v. DOJ*, No. 1:25-cv-00916 — Judge John D. Bates (G.W. Bush) of the District of D.C. on March 28 granted a temporary restraining order against Trump's directive barring government agencies from doing business with Jenner Block and banning that firm's attorneys from federal buildings.  Judge Block granted Jenner's motions for summary judgment and permanent injunction on May 23.

49. *Wilmer Cutler Pickering Hale and Dorr LLP v. Executive Office of the President*, No. 1:25-cv-00917 — Judge Richard J. Leon (G.W. Bush) of the District of D.C. enjoined Trump's

App.8

directive barring government agencies from doing business with Wilmer and banning that firm's attorneys from federal buildings.

50. *Susman Godfrey LLP v. Executive Office of the President*, No. 1:25-cv-01107 — Judge Loren L. AliKhan (Biden) of the District of D.C. on April 15 enjoined Trump's directive barring government agencies from doing business with Susman Godfrey and banning that firm's attorneys from federal buildings.

51. *American Federation of Government Employees, AFL-CIO v. Ezell*, No. 1:25-cv-10276 — Senior Judge George A. O'Toole Jr. (Clinton) of the District of Massachusetts issued a temporary restraining order against Trump's buyout of federal employees. The judge later lifted the TRO and denied an injunction, allowing the buyout to go forward.

52. *Maryland v. US Dept. of Agriculture*, No. 1:25-cv-00748 — James K. Bredar (Obama) of the District of Maryland issued a TRO ordering 38 agencies to stop firing employees and reinstate fired employees. On April 9, the Fourth Circuit stayed the district court injunction, noting the Supreme Court's stay in *AFGE, AFL-CIO v. OPM and Ezell*).

53. *Does 1-26 v. Musk*, No. 8:25-cv-00462 — Judge Theodore D. Chuang (Obama) of the District of Maryland ordered DOGE to reinstate email access for fired USAID employees.

54. *American Federation of Teachers v. Bessent*, No. 8:25-cv-00430 — Judge Deborah L. Boardman (Biden) of the District of Maryland enjoined DOE and Office of Personnel Management from disclosing personal information of employees to DOGE. On April 7, the Fourth Circuit granted a stay to the Defendants pending the appeal.

55. *American Federation of State, County and Municipal Employees, AFL-CIO v. Social Security Administration*, No. 1:25-cv-00596 — Judge Ellen L. Hollander (Obama) of the District of Maryland granted an injunction forbidding the Social Security Administration from providing personal information to DOGE. The Fourth Circuit dismissed an appeal for lack jurisdiction. On May 2, the Trump administration filed an Application for a Stay at the Supreme Court, which was granted on June 6.

56. *Brehm v. Marocco*, No. 1:25-cv-00660 — Judge Richard J. Leon (G.W. Bush) of the District of D.C. issued a temporary restraining order forbidding Trump from removing Brehm from, and appointing Marocco to, the U.S. African Development Foundation.

57. *American Oversight v. Hegseth*, No. 1:25-cv-00883 — Judge James E. Boasberg (Obama) of the District of D.C. issued an order "as agreed by the parties," for the government to preserve all Signal communications related to the leak to an *Atlantic* editor of DoD conversations in Houthi strike.

App.9

58. *National Treasury Employees Union v. Trump*, No. 1:25-cv-00935 — Judge Paul Friedman (Clinton) of the District of D.C., on April 25, enjoined agencies from implementing Trump's executive order limiting collective bargaining rights for many federal employees, but specifically did not enjoin President Trump.

59. *Woonasquatucket River Watershed Council v. Department of Agriculture*, No. 1:25-cv-00097 — Judge Mary McElroy (Trump) of the District of Rhode Island issued a preliminary injunction against Trump's federal funding freeze for various departments including the EPA. The Trump administration appealed to the First Circuit on May 1.

60. *Associated Press v. Budowich*, No. 1:25-cv-00532 — Judge Trevor McFadden (Trump) of the District of D.C. on April 8 enjoined the White House from keeping AP reporters out of the White House press briefings until it agrees to refer to the "Gulf of America."

61. *Novedades Y Servicios, Inc. v. FinCEN*, 3:25-cv-00886 — Judge Janis L. Sammartino (G.W. Bush) of the Southern District of California granted a temporary restraining order on April 22 against Department of Treasury FinCEN's Geographic Targeting Order which requires businesses along the southern border to file Currency Transaction Reports with FinCEN at a $200 threshold.

62. *New York, et al. v. Donald J. Trump*, No. 1:25-cv-01144 — Judge Jeannette A. Vargas (Biden) of the Southern District of New York issued a preliminary injunction on February 21 blocking DOGE's access to certain Treasury Department payment records. Then on April 11, Judge Vargas partially dissolved her preliminary injunction since "based on existing record" mitigation, training and vetting procedures were adequate to satisfy her concerns.

63. *American Federation Of Government Employees, AFL-CIO v. Trump*, No. 3:25-cv-03698 — Judge Susan Y. Illston (Clinton) of the Northern District of California granted a temporary restraining order on May 9 to pause the Defendants' reductions in force under EO 14210, which Defendants appealed to the Ninth Circuit. Judge Illston issued a preliminary injunction on May 22, and on June 13 clarified that the State Department is included in the PI. The PI was appealed to the Ninth Circuit, which on May 30 denied the Defendants' emergency motion for a stay pending appeal. The Trump administration filed an application for a stay at the US Supreme Court on June 2.

64. *National Job Corps Association v. Department of Labor*, No. 1:25-cv-04641 — Judge Andrew L. Carter Jr. (Obama) of the Southern District of New York issued a temporary restraining order on June 4, the day after National Job Corps Association sued the Department of Labor over the Trump administration's termination of contracts for operation of Job Corps centers.

65. *Maryland v. Corporation for National and Community Service*, No. 1:25-cv-01363 — Judge Deborah L. Boardman (Biden) of the District of Maryland issued a preliminary injunction on

App.10

June 5, blocking the administration's reduction in force (RIF) and cancellation of programs at AmeriCorps.

66. *American Federation of Government Employees v. Noem*, No. 2:25-cv-00451 — Judge Marsha J. Pechman (Clinton) of the Western District of Washington granted a preliminary injunction on June 2, blocking the Transportation Security Administration's cancellation of their collective bargaining agreement.

67. *Learning Resources Inc. v. Trump*, No. 1:25-cv-01248 — Judge Rudolph Contreras (Obama) of the District of D.C. on May 29 granted a preliminary injunction blocking President Trump's global tariffs under the International Emergency Economic Powers Act and denying the government's motion to transfer the case to the U.S. Court of International Trade. The administration has appealed to the DC Circuit, and Judge Contreras on June 3 stayed his own injunction after Court of Appeals for the Federal Circuit action in a related case. Plaintiffs filed a petition for a writ of certiorari before judgment on July 17.

68. *Newsom v. Trump*, No. 3:25-cv-04870 — Senior District Judge Charles R. Breyer (Clinton) of the Northern District of California on June 12 issued a temporary restraining order enjoining Defendants "from deploying members of the California National Guard in Los Angeles" and directing Defendants "to return control of the California National Guard to Governor Newsom." The Trump administration immediately appealed on June 12 to the Ninth Circuit, and a panel granted an administrative stay the same day, and on June 19 granted a stay pending appeal.

69. *AFGE, AFL-CIO v. U.S. OPM*, No. 1:25-cv-01237 — Judge Denise L. Cote (Clinton) of the Southern District of New York issued an opinion granting a preliminary injunction on June 9, 2025, finalized and issued on June 20, 2025 prohibiting the Office of Personnel Management from continuing to share federal employee records with individuals tied to the Department of Government Efficiency (DOGE).

70. *Slaughter and Bedoya v. Trump*, No. 1:25-cv-00909 — Judge Loren L. AliKhan (Biden) of the District of D.C. on July 17, 2025 granted summary judgment restoring Plaintiff Rebecca Slaughter to the FTC. The Trump administration has appealed to the DC Circuit (Not yet docketed).

**FUNDING**

71. *National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 — Judge Amy B. Jackson (Obama) of the District of D.C. halted Trump's budget cuts and layoffs at the Consumer Financial Protection Bureau. On March 31, the government appealed Judge Jackson's preliminary injunction order to the D.C. Circuit; which on April 11 ordered a partial stay of the preliminary injunction.

App.11

72. *AIDS Vaccine Advocacy Coalition v. Department of State*, No. 1:25-cv-00400 — Judge Amir H. Ali (Biden) of the District of D.C. ordered Trump to unfreeze and spend $2 billion in USAID funds. The Supreme Court, in a 5-4 ruling with Justices Alito, Thomas, Kavanaugh, and Gorsuch dissenting, left the order in place. On Apr. 2, defendants appealed Judge Ali's Mar. 10 preliminary injunction order to the D.C. Circuit.

73. *Colorado v. US Dept. of Health and Human Services*, No. 1:25-cv-00121 — Judge Mary S. McElroy (Trump) of the District of Rhode Island, issued a temporary restraining order on April 5 reinstating payments to a coalition of states which sued the Trump administration over the cancellation of $11 billion in public health funding.

74. *National Council of Nonprofits v. OMB*, No. 1:25-cv-00239 — Judge Loren L. AliKhan (Biden) of the District of D.C. blocked Trump's order to pause federal aid while reviewing to determine if it aligned with administration policy. Appeal to the D.C. Circuit docketed April 25.

75. *Massachusetts v. NIH*, No. 1:25-cv-10338 — Judge Angel Kelley (Biden) of the District of Massachusetts issued a preliminary injunction on March 5 prohibiting implementation of the NIH Guidance "in any form with respect to institutions nationwide," and final judgment and permanent injunction on April 4. The case was appealed to the First Circuit (25-1343) on April 9.

76. *New York v. Trump*, No. 1:25-cv-00039 — Judge John J. McConnell Jr. (Obama) of the District of Rhode Island issued a temporary restraining order on January 31 enjoining Trump's order to freeze federal spending while reviewing to determine that it aligned with administration policy. The First Circuit, on March 26, denied defendants' motion for a stay pending appeal of the district court's preliminary injunction order. Appellant brief filed May 27 and another one May 29.

77. *RFE/RL, Inc. v. Lake*, No. 1:25-cv-00799 — Judge Royce C. Lamberth (Reagan) of the District of D.C. granted a temporary restraining order March 25, forbidding Trump from cutting funds to Voice of America. The TRO was extended on April 8, and another TRO was granted on April 29. On appeal to the DC Circuit, an administrative stay was granted by a panel on May 1, but on May 7, the DC Circuit en banc overruled the panel, restoring the district court's stay. On May 30, Judge Lamberth granted an order requiring the government to immediately disburse $12,174,979 to cover RFE/RL's expenditures for the month of May 2025.

78. *Widakuswara v. Lake*, No. 1:25-cv-01015 — Judge Royce C. Lamberth (Reagan) of the District of D.C. issued a preliminary injunction on April 22 requiring the reinstatement of employment positions and funding for Voice of America and U.S. Agency for Global Media. The government appealed to the DC Circuit April 24.

79. *Radio Free Asia v. United States of America*, No. 1:25-cv-00907 — Judge Royce C. Lamberth (Reagan) of the District of D.C. issued a preliminary injunction requiring restoration of

App.12

funding of Radio Free Asia and Middle East Broadcasting Networks on April 25.  The government immediately filed an appeal to the D.C. Circuit, which granted a stay pending appeal on May 3.

80. *Massachusetts Fair Housing Ctr. v. HUD*, No. 3:25-cv-30041 — Judge Richard G. Stearns (Clinton) of the District of Massachusetts enjoined Trump's cuts to HUD grant funding and ordered spending reinstated.

81. *Climate United Fund v. Citibank, N.A.*, No. 1:25-cv-00698 — Judge Tanya S. Chutkan (Obama) of the District of D.C. issued a temporary restraining order enjoining EPA's Termination of Greenhouse Gas Reduction Fund Grants.

82. *Association of American Medical Colleges v. NIH*, No. 1:25-cv-10340 — Judge Angel Kelley (Biden) of the District of Massachusetts enjoined Trump's NIH grant funding cuts.  The case was appealed to the First Circuit (25-1344) on April 9.

83. *American Association of Colleges for Teacher Education v. McMahon*, No. 1:25-cv-00702 — Judge Julie R. Rubin (Biden) of the District of Maryland issued an injunction requiring reinstatement of terminated education grant funds.  Defendants appealed the preliminary injunction to the Fourth Circuit.  On April 1, the Fourth Circuit denied Plaintiffs' motion to place the case in abeyance, and on April 10, granted the defendants' motion for stay pending appeal.

84. *Mayor and City Council of Baltimore et al. v. Vought*, No. 1:25-cv-00458 — Judge Matthew J. Maddox (Biden) of the District of Maryland issued a TRO preventing Trump from defunding the CFPB.

85. *Association of American Universities v. Department of Health and Human Services*, No. 1:25-cv-10346 — Judge Angel Kelley (Biden) of the District of Massachusetts issued a nationwide injunction against Trump's NIH funding cuts.  Defendants appealed to the First Circuit (25-1345) on April 9.

86. *Association of American Universities v. Dept. of Energy*, No. 1:25-cv-10912 — Judge Allison D. Burroughs (Obama) of the District of Massachusetts issued a temporary restraining order on April 16 against the cap instituted on reimbursements for indirect costs for federal research grants from the Department of Energy.

87. *American Library Association v. Sonderling*, No. 1:25-cv-01050 — Judge Richard J. Leon (G.W. Bush) of the District of D.C. granted a temporary restraining order on May 1 against the executive order which requires spending reduction of the Institute for Museum and Library Services.

App.13

88. *Rhode Island v. Trump*, No. 1:25-cv-00128 — Chief Judge John J. McConnell, Jr. (Obama) of the District of Rhode Island, granted a preliminary injunction on May 6 to a coalition of states which sued over an Executive Order which requires 7 agencies to reduce their functions.

89. *State of New York v. U.S. Dep't of Education*, No. 1:25-cv-02990 — Judge Edgardo Ramos (Obama) of the Southern District of New York granted a preliminary injunction June 3 that prohibits the U.S. Department of Education from cancelling over $1 billion in unspent COVID-19 pandemic funding grants extended past the original deadline by the prior administration. On appeal to the Second Circuit, a motions hearing was held on June 17.

90. *San Fransisco U.S.D. v. AmeriCorps*, 3:25-cv-02425 — Judge Edward M. Chen (Obama) of the Northern District of California granted a temporary restraining order on March 31 after San Francisco Unified School District sued over actions taken to fire employees and freeze grant funding at AmeriCorps.

91. *Citizens for Responsibility and Ethics in Washington v. U.S. DOGE Service*, 1:25-cv-00511 — Judge Christopher R. Cooper (Obama) of the District of D.C. issued a preliminary injunction on March 10 in a lawsuit against DOGE and Elon Musk regarding compliance with FOIA and the Federal Records Act.

92. *American Public Health Association v. NIH*, No. 1:25-cv-10787 and *Commonwealth of Massachusetts v. Kennedy, Jr.* No. 1:25-cv-10814 — Judge William G. Young (Reagan) of the District of Massachusetts issued a ruling from the bench that the "challenged [NIH Grant] directives are vacated. A written order will issue. Defendants shall promptly comply with the order of the Court."

93. *Global Health Council V. Donald J. Trump*, No. 1:25-cv-00402 — Judge Amir H. Ali (Biden) of the District of D.C. on March 10 issued a preliminary injunction ordering the Trump administration to make available billions of dollars appropriated in the 2024 Further Consolidated Appropriations Act, claiming the president cannot refuse to spend money already appropriated for foreign aid. The defendants have appealed to the DC Circuit, where oral argument was heard July 7, 2025.

94. *Planned Parenthood Federation of America, Inc. v. Kennedy*, No. 1:25-cv-11913 — Judge Indira Talwani (Obama) of the District of Massachusetts, on July 7, 2025, granted a temporary restraining order prohibiting the "enforcing, retroactively enforcing, or otherwise applying" of the Medicaid cuts in "the provisions of Section 71113 of 'An Act to provide for reconciliation pursuant to title II of H. Con. Res. 14,' against Planned Parenthood...."

**ELECTIONS**

95. *League of United Latin American Citizens v. EOP*, No. 1:25-cv-00946 — Judge Colleen Kollar-Kotelly (Clinton) of the District of D.C. granted a universal injunction on April 24 against

App.14

Executive Order 14,248, requiring documentary proof of United States citizenship to vote in Federal elections.  This case consolidates three suits brought by racial minority associations, the Democratic Party, campaigns, and elected officials.

96. *State of California v. Trump*, No. 1:25-cv-10810 — Judge Denise J. Casper (Obama) of the District of Massachusetts granted a preliminary injunction on June 13 against the Trump administration's efforts to prevent noncitizen voting, blocking implementation of five sections of Executive Order 14,248.

### DEI-RELATED PROGRAMS

97. *Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*, No. 1:25-cv-00333 — Judge Adam B. Abelson (Biden) of the District of Maryland enjoined Trump's order blocking federal funding for DEI programs.  On March 14, the Fourth Circuit granted the government's motion for a stay of the preliminary injunction pending appeal.

98. *California v. Department of Education*, No. 1:25-cv-10548 — Judge Myong J. Joun (Biden) of the District of Massachusetts granted a temporary restraining order blocking Trump's withdrawal of funds to schools teaching DEI.  The First Circuit denied a motion for stay pending appeal.  On April 4, the Supreme Court granted a stay pending appeal, writing "the Government is likely to succeed in showing the District Court lacked jurisdiction" and that the case may need to be brought in the Court of Federal Claims.

99. *Chicago Women in Trades v. Trump*, No. 1:25-cv-02005 — Senior Judge Matthew F. Kennelly (Clinton) of the Northern District of Illinois entered a temporary restraining order commanding the reinstatement of DEI grants.

100. *Doe 1 v. Office of the Director of National Intelligence*, No. 1:25-cv-00300 — Judge Anthony J. Trenga (G.W. Bush) of the Eastern District of Virginia issued an "administrative stay" against firing DEI employees with CIA and DNI.  The court then considered and rejected imposing a TRO to the same effect.  On March 31, Judge Trenga granted a preliminary injunction enjoining the defendants. On May 6, defendants filed notice of appeal to the Fourth Circuit.

101. *American Federation of Teachers v. U.S. Department of Education*, No. 1:25-cv-00628 — Judge Stephanie A. Gallagher (Trump) of the District of Maryland enjoined the U.S. Department of Education's February 14, 2025 "Dear Colleague Letter" ending diversity, equity, and inclusion practices in schools by threatening to withhold federal funding from those that refuse to comply.

App.15

102. *National Education Association v. US Department of Education*, No. 1:25-cv-00091 —
Judge Landya B. McCafferty (Obama) of the District of New Hampshire enjoined the U.S.
Department of Education's February 14, 2025 "Dear Colleague Letter" ending diversity, equity,
and inclusion practices in schools by threatening to withhold funding from those that refuse to
comply.

103. *NAACP v. U.S. Department of Education*, No. 1:25-cv-01120 — Judge Dabney L. Friedrich
(Trump) of the District of D.C. enjoined the U.S. Department of Education's February 14, 2025
"Dear Colleague Letter" ending diversity, equity, and inclusion practices in schools by
threatening to withhold federal funding from those that refuse to comply.