UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>CHIEF JUDGE GEORGE L. RUSSELL, III,  )<br>*in his official capacity, et al.*,  )<br>  )<br>Defendants.  )<br>  ) | Civil Action No. 1:25-cv-02029 |

**AMICUS BRIEF OF MARYLAND STATE BAR ASSOCIATION, JOINED BY 39 LAW FIRMS AND ORGANIZATIONS AND 183 INDIVIDUAL ATTORNEYS, IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS & OPPOSING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

The Maryland State Bar Association ("MSBA"), joined by the 39 law firms and organizations and the 183 individual attorneys listed in Appendices A and B (collectively with MSBA, "Amici"), and pursuant to L.R. 105.12, submits this amicus brief in support of the Motion to Dismiss filed on behalf of the Judges, Clerk of Court, and the U.S. District Court for the District of Maryland (ECF 24), and further states:

**STATEMENT OF INTEREST & SUMMARY OF ARGUMENT**

The MSBA consists of more than 17,000 attorneys and is the voice of the legal profession in Maryland. The procedural posture of this case—a lawsuit against all active and senior District Judges of this Court, the Clerk, and the Court itself to challenge a Standing Order entered in pending cases—is unprecedented. To be sure, the Government, like any other party to litigation, has the right to challenge a judicial order with which it disagrees. But to allow a party in active litigation to launch that challenge by filing a separate lawsuit against the very court from which the order issued will undoubtedly compromise the adversarial process; overload judicial resources; and drastically alter attorneys' competing professional obligations to zealously advocate on behalf

of clients, to fulfill their obligations as officers of the court, and to advance the rule of law and the administration of justice. With concern that the Government's course of action, if permitted here, compromises these necessary pillars of both the judicial system and our profession, the Amici support dismissal on procedural grounds.

This brief, though taking no position on the merits of the Government's challenge to the Standing Order's legality, addresses the procedure of suing judges in response to unfavorable rulings.

## ARGUMENT

The Government contends that it is acting "like any other litigant" and that this lawsuit against the Judges and Clerk of this Court "ha[s] the sanction of precedent." (ECF 14, at 3, 13). But none of the cases cited in its Motion entailed what the Government seeks to do here: obtain a judicial declaration against a sitting judge regarding the validity of that judge's order in a separate, pending case.[1] Challenges to an order are historically and routinely been made through several established mechanisms in the case where the order originated. Indeed, in this matter the Government had several options. If the Standing Order has the effect of a preliminary injunction, as the Government contends, then the Government could have filed an immediate appeal upon the entry of the Standing Order in an individual case. *See Abbott v. Perez*, 585 U.S. 579, 595 (2018); 28 U.S.C. § 1292(a)(1). On appeal, the Government could request emergency consideration. *See*

---

[1] *Stern v. U.S. Dist. Ct. for Dist. of Mass.*, 214 F.3d 4 (1st Cir. 2000), and *Whitehouse v. United States District Court*, 53 F.3d 1349 (1st Cir. 1995), involved "pre-enforcement" declaratory judgment challenges to local rules on a prosecutor's ethical obligations in issuing a grand jury subpoena. *Carter v. Clark*, 616 F.2d 228 (5th Cir. 1980), *Thaw v. Lynch*, No. 2:15-CV-01703, 2016 WL 1045527 (D. Ariz. Mar. 16, 2016), *NAAMJP v. Roberts*, 180 F. Supp. 3d 46 (D.D.C. 2015), and *NAAMJP v. Holder*, No. 1:14-CV-2110-RJC, 2015 WL 13158479 (D. Md. Aug. 18, 2015), were challenges to the local rules on admission to the bar of the subject federal district court. Similarly, *Russell v. Hug*, 275 F.3d 812 (9th Cir. 2002), was a challenge to the membership prerequisites for district court's indigent defense panel. *Pulliam v. Allen*, 466 U.S. 522 (1984), and *Kovacic v. Cuyahoga County Dep't of Child & Fam. Servs.*, 809 F. Supp. 2d 754 (N.D. Ohio 2011), were § 1983 actions, and in *Kovacic*, there is no mention of any judge as a defendant.

2

4th Cir. R. 27(e). And if the Standing Order's two-day period expired before a decision, the Government could have requested a merits decision under the mootness exception for controversies that are "capable of repetition, yet evading review." *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016). Alternatively, the Government could have moved to have the order certified for appeal, pursuant to 28 U.S.C. § 1292(b), in any of the several *habeas corpus* cases where the Standing Order has been entered. If there were no other adequate means to challenge the Court's jurisdiction or authority to enter the Standing Order in these *habeas* cases, then a writ of mandamus or prohibition could be pursued pursuant to Federal Rule of Appellate Procedure 21. Finally, the Government could have made an application to the Judicial Conference of the Fourth Circuit to request that the Standing Order be abrogated under 28 U.S.C. §§ 332(d)(4), 2071(c).

The Government did not, however, attempt *any* of these established and available avenues to challenge the Standing Order. Instead, it has sued the entire federal bench, in a move that directly contradicts the principle that "it is ordinarily undesirable to place the trial court judge, even temporarily, in an adversarial posture with a litigant." Fed. R. App. P. 21, Advisory Committee Note to 1996 Amendment.

By the Government's rationale, a party could challenge an order pertaining to the legality of an amendment to the Federal Rules of Civil Procedure, after approval by the Supreme Court under the Rules Enabling Act (28 U.S.C. §§ 2072), by filing suit in a district court against the Supreme Court and all nine justices. That is never how such challenges have worked. When an Article III case or controversy includes a dispute as to whether the Supreme Court exceeded its authority under the Rules Enabling Act, that challenge is pursued through the ordinary course of litigation and appeal between affected parties. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate*

3

*Ins. Co.*, 559 U.S. 393, 407 (2010) (Scalia, J.). *Shady Grove* collected decades of authorities involving such challenges—and in none of those cases were the justices made parties. *Id.* Nor have the justices recused from deciding whether those same justices followed the Rules Enabling Act when voting on the rules under consideration. *See Mississippi Pub. Corp. v. Murphree*, 326 U.S. 438, 443 (1946).

If the Government's lawsuit is not dismissed, and this new procedure to challenge court orders is condoned, the effect on the *legal profession* will be significant. As advocates, attorneys must "zealously assert the client's position," Maryland Attorneys' Rules of Professional Conduct ("MARPC"), Preamble (1) (Md. R. 19-300.1), and "use legal procedure for the fullest benefit of the client's cause[.]" MARPC 3.1 (Md. R. 19-303.1), comment [1]. The MARPC instruct that an attorney should "take whatever lawful and ethical measures are required to vindicate a client's cause or endeavor." MARPC 1.3 (Md. R. 19-301.3), comment [1]. If this case is not dismissed, it will signal that it may be "lawful and ethical" for attorneys to sue the presiding judge when a client disagrees with the judge's ruling or standing order. Attorneys, in the exercise of their professional obligations, could then be required to advise their clients of the option to sue the judge upon receipt of an adverse ruling.

Attorneys may find the prospect of suing a judge repugnant, contrary to the long-standing norms of the legal profession, and in conflict with the attorney's personal conscience and moral judgment. Those attorneys will be left with an impossible choice: sue a judge in pursuit of an individual client's claim or consider withdrawing from the representation entirely. Either avenue will have far-reaching consequences.

Filing suit against a judge seeking to overturn an unfavorable ruling or to challenge the judge's standing order raises a multitude of questions for the attorney. Is the attorney thereby

4

harming other clients whose cases that judge is presiding over? Will suing a judge lead to that attorney making routine requests for that judge's recusal, either in the underlying case or in unrelated cases over which the same judge presides? Will the attorney have to disclose to prospective (or other current) clients that the attorney sued a judge assigned to that client's case? Does filing the second lawsuit against the judge duplicate proceedings and thereby constitute a violation of Federal Rule of Civil Procedure 1, which mandates the just, speedy, and inexpensive determination of every action and proceeding, or a violation of MARPC 3.2, which mandates that the attorney "shall make reasonable efforts to expedite litigation consistent with the interests of the client" (Md. R. 19-303.2)? If the attorney is unsuccessful in the lawsuit against the judge, does the attorney then face the possibility of sanctions or disciplinary actions? And, if the attorney declines a client's instruction to sue a judge for an unfavorable ruling, will the attorney be required to withdraw from the representation, leaving the client without counsel and the attorney without business?

If disappointed litigants are permitted to sue judges seeking to overturn adverse rulings or administrative orders, what becomes of the *other* party in the first proceeding? Is the other party added as a defendant? Is the other party required to intervene, to advocate that the ruling or order under attack was correct? Is the party left without any opportunity to be heard in defense of the ruling in the new action brought by the party's opponent? If a party and a judge are co-defendants in the new action, are they able to coordinate their defense, when the first action is still proceeding before that judge? Would this require the judge to recuse in the underlying case and, if so, wouldn't these lawsuits become a vehicle for habitual judge shopping?

These questions are currently hypothetical but are by no means abstract. They are, however, entirely avoidable, and these problems would materialize only in the event that the Government's

unprecedented strategy prevails. To permit a litigant to sue a judge, the court, and the clerk when that litigant believes the judge has violated the law is contrary to the administration of justice and would have real and substantial effects on attorneys, their relationships with their clients, and their duties as officers of the court.

A final and critical consideration is the MSBA's interest in promoting access to justice. The Government could have raised a challenge to the Standing Order in any of the 12 *habeas* cases where it has been entered thus far. Doing so would have allowed the *habeas* petitioner to respond and participate in this discourse. In removing this debate to a separate declaratory judgment action, the Government is excluding from the debate the individuals most affected by these decisions, who may not have the resources or ability to intervene or otherwise participate in separate litigation. The procedure to challenge a court order should allow for all parties subject to that order to have a meaningful opportunity to be heard, which underscores why a separate action against a sitting judge to challenge a ruling in active litigation is neither necessary nor appropriate.

## CONCLUSION

The MSBA and the joining Amici respectfully request that the Court grant the motion to dismiss.

Respectfully submitted:

 /s/ Steven M. Klepper
Andrew Jay Graham, Bar No. 00080
James P. Ulwick, Bar No. 00536
Steven M. Klepper, Bar No. 26664
Lydia E. Lawless, Bar No. 17433
KRAMON & GRAHAM, P.A.
750 East Pratt Street, Suite 1100
Baltimore, Maryland 21202
(410) 752-6030
agraham@kg-law.com
julwick@kg-law.com
sklepper@kg-law.com
llawless@kg-law.com

Kathleen Howard Meredith, Bar No. 00701
ILIFF, MEREDITH, WILDBERGER & BRENNAN, P.C.
Patriots Plaza
Suite 201
Pasadena, Maryland 21122
(410) 685-1166
Kathy@ilimer.com

Diane E. Feuerherd, Bar No. 07238
MILLER, MILLER & CANBY
200-B Monroe Street
Rockville, Maryland  20850
(301) 762-5212
defeuerherd@mmcanby.com

*Counsel for Maryland State Bar Association (joined by 39 Law Firms and Organizations and 183 Individual Attorneys listed in Appendices A and B)*

7

**Appendix A**
**Law Firms and Organizations**[*]

| |
|---|
| Arthur Law Group, LLC |
| Braude Law Group, P.C. |
| Brown, Goldstein & Levy, LLP |
| Bud Stephen Tayman, Esquire, Bud Stephen Tayman, P.A. |
| CASA, Inc. |
| Charles International Law |
| Chesapeake Legal Counsel, LLC |
| Cipollone Legal Consults LLC |
| Craig M. Kadish & Associates, LLC |
| DDavison Law, Inc |
| DeNobile Law |
| Gallagher Evelius & Jones LLP |
| Goldman & Van Beek, P.C. |
| Goodell, DeVries, Leech & Dann, LLP |
| Gordon Feinblatt LLC |
| Grover & Badalian, LLC |
| Herbst Law, LLC |
| Hirsch & Cosca, PC |
| Jane Moretz-Edmisten and Associates, P.C. |
| Justiniano Law LLC |
| Khalilah M. Harris, EdD, JD The Public Justice Center, Inc. |
| Law Office of Ann Singleton |

---

[*] *The attorneys and firms listed here have attested to being members of the Maryland Bar.*

| |
|---|
| Law Office of Debra L. Ackerman |
| Law Office of Lisa P Ellis |
| Law Offices of Jessica L. Murray, LLC. |
| Maryland Access to Justice Commission |
| Miller, Miller & Canby |
| Nazareth Bonifacino Law Benefit LLC |
| Neil J. Bixler, Esq. on behalf of the Law Office of Neil J. Bixler, P.A. |
| Ogbuehi Omena Onwezi, LLC |
| Robert L Kline, III, Managing Partner Kline Law Group LLC |
| Rosenberg Martin Greenberg, LLP |
| Ross & Ross, LLC |
| Serrano Legal Services, PLLC |
| Sexton Law PLLC |
| Shore Legal Access |
| Stellar 5 Legal, LLC |
| The Law Office of Laura Tise Magnuson |
| Thomas & Libowitz, P.A. |

**Appendix B**
**Individual Attorneys**[*]

| | |
|---|---|
| Jay | Abarbanel |
| Brian | Agandi, Esq. |
| Gary R. | Alexander |
| Kristy K. | Anderson, Esq. |
| Philip M. | Andrews |
| James K. | Archibald |
| Marc H. | Baer, Esquire |
| Rignal W. | Baldwin, Sr. |
| Valerie J. | Barnes |
| Ann S. | Baum |
| Ronald S. | Belman |
| Alexander P. | Berg |
| Cynthia A. | Berman |
| Randi | Bocanegra, Esquire |
| Samantha N. | Boylan, Esq. |
| Laurence C. | Boylan, Esq. |
| Victoria | Bragunier |
| Catherine Margaret | Brennan |
| William C. | Brennan, Jr. |
| Jennifer A. | Brienza, Esq. |
| June Blanchard | Brown |
| Maurice I. | Burstein |

---

[*] *The attorneys and firms listed here have attested to being members of the Maryland Bar.*

| | |
|---|---|
| Martha M. | Campbell |
| Meghan K. | Casey |
| Patrice Meredith | Clarke, Esq. |
| Daniel M. | Clements |
| Ward B. | Coe, III |
| Stuart R. | Cohen |
| Steven W. | Collier |
| Susan V. | Cook |
| Thomas B. | Corey, Esq. |
| Dan | Creel |
| Tyler | Creevy |
| Thomas C. | Dame |
| Sarah R. | David |
| George Carlisle | Davis, Esq. |
| David S. | DeJong |
| Mark C. | Del Bianco |
| Gerardine M. | Delambo, Attorney at Law |
| Leslie K. | Dellon |
| Philip F. | Diamond |
| Astrid | Diaz, Esq. |
| Van | Doan |
| Thomas J. | Dolina, Esq. |
| Cynthia | Donovan, Esq., Attorney at Law, LLC |
| Richard W. | Drury |
| Joe | Dugan |

| | |
|---|---|
| Henry E. | Dugan, Jr. |
| Laura L. | Dunn, Esq., Partner at Bailey Duquette P.C |
| Daniel | Dwyer |
| Lourdes | E. |
| Akia | Embry |
| Janet L. | Eveland, Esq. |
| Carol L. | Fallon |
| Steven K. | Fedder |
| Nancy N. | Fey |
| Rachel | Fluriach, Esq. |
| David R. | Forrer |
| Dennis Arthur | Foster, Esq. |
| Xavier J. | Fox, Esq. |
| Alan B. | Frankle |
| Brian | Frosh |
| Charles | Gamper |
| Giovanna C. | Genoese, Esquire |
| Alan S. | Goldberger, Esq. |
| Megan | Good |
| Edward J. | Gutman |
| Jonathan M. | Harnois |
| Heather R. | Henthorne |
| Sarah | Hernandez |
| H. Michael | Hickson |
| Joel I. | Hoffman, Esq. |

| | |
|---|---|
| Heather R. | Holgate |
| Durriyyah R. | Hollimon |
| Tia L. | Holmes |
| James A. | Hyatt, Esquire |
| Kelly Hughes | Iverson |
| Natalie J. | Johnson, Esq. |
| Cheryl A. | Jones, Esq. |
| Marjorie | Just, RKW Law Group |
| Robert F. | Kahoe Jr. |
| Mary Elizabeth | Kaslick |
| Allen J. | Katz, Attorney at Law |
| Michele R. | Kendus |
| Thomas J. | Kennedy |
| Cherie M. | King, Esq. |
| Virginia A.S. | Kling |
| Nancy Ortmeyer | Kuhn |
| Marcella | Labellarte, Esq. |
| Lauren E. | Lake, Esq. |
| Charles S. | Lazar |
| Stephen L. | Lefebvre, Esq. |
| Deborah Katz | Levi, Esq. |
| Stuart | Levine, Law Offices of Stuart Levine LLC |
| Jean E. | Lewis |
| Jennifer | Lewis-David |
| Lawrence R. | Liebesman |

| | |
|---|---|
| Stanley L. | Lipshultz |
| Diane | Littlepage |
| Francis Frank | Lyman |
| Timothy F. | Maloney |
| May-Lis | Manley |
| Brian | Markovitz |
| Eliabeth | Maumenee, Esquire |
| Susan | Mays, Esq. |
| Kathleen | McCann |
| Albert | McCarraher |
| Benjamin | Meredith |
| Paul | Metzger |
| Mary | Migues-Jordan, Esq. |
| Danielle | Miller |
| Barbara R. | Miller, Esq. |
| Thomas J. | Minton |
| Searle E. | Mitnick |
| Thomas | Morrow |
| Kathleen A. | Morse, Esquire |
| M. Lucinda | Motsko |
| Richard P. | Neuworth |
| Joel D. | Newport |
| Lori | Nicolle |
| Roy I. | Niedermayer, Esq. |
| Margaret Ann | Nolan |

| | |
|---|---|
| Stephen J. | Nolan |
| Dennis F. | O'Brien |
| David | O'Brien |
| Joanne | Ochsman |
| Ira L. | Oring |
| Pamela | Ortiz |
| Laura | OSullivan |
| Catherine Gamper | Ottenritter |
| Leonard C. | Pederson, Jr. |
| Kathleen A. | Phelps |
| William | Poe |
| Heather | Pruger |
| Alana L. | Quint, Esquire |
| Justin A. | Redd |
| William Francis | Renahan |
| Lindsey M. | Rennie |
| Keith | Rosa |
| Warren S. | Rosenfeld, Esq. |
| William | Rudow |
| Shaoli | Sarkar, Esq. |
| Eric N. | Schloss |
| Jeremy S. | Scholtes, Sr. |
| Joseph | Semo |
| Bruce | Shapiro |
| William F. | Sheehan |

| | |
|---|---|
| Stephen P. | Shepard |
| Richard E. | Shermanski, Jr., Esq. |
| Emmanuel | Shodeinde |
| Anna S. | Sholl, Esq. |
| Brian P. | Siegel |
| Ellen | Silver |
| Michelle J. | Simon |
| William N. | Sinclair |
| Michelle Daughterty | Siri |
| Michael W. | Skojec, Esquire |
| Kerri L. | Smith, Esq. |
| Harry Franklin | Snoots, V, Esq. |
| Andrea | Solan, Esq. |
| Mark K. | Spencer |
| Derek M. | Stikeleather |
| Bradley M. | Strickland |
| Birgit D. | Stuart |
| Joseph P. | Suntum |
| Jennifer A. | Sutherland |
| Andrea C. | Terry, Esq. |
| Joseph B. | Tetrault |
| Richard H. | Topaz |
| Mitchell D. | Treger |
| Danielle M. | Vranian |
| Jessica | Walsh |

| John | Warshawsky |
| Steven M. | Weisbaum |
| Helen M. | Whelan |
| Wendy | Widmann |
| Pamm | Wiggin |
| John | Willis |
| Wayne M. | Willoughby |
| Alan L. | Winik |
| Lynn | Wintriss |
| William T. | Wood |
| Marla | Zide |